**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAZAR DENT, AKA Cesar Augusto
Jimenez-Mendez,

              Petitioner - Appellant,

v.

LORETTA E. LYNCH, Attorney General,

              Respondent - Appellee.

No. 13-17213

D.C. No. 2:10-cv-02673-TMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted June 12, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges and ROTHSTEIN,[**] Senior
District Judge.

    Petitioner, a native of Honduras, appeals the decision of the United States

District Court for the District of Arizona granting the Government's motion for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

summary judgment as to Petitioner's nationality, due process, and equal protection claims. Petitioner also challenges the decision of the Board of Immigration Appeals ("BIA") finding him eligible for removal on the grounds that he committed an aggravated felony.[1] We have jurisdiction over this case under 8 U.S.C. § 1252(b)(5). We review the district court's grant of summary judgment de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011).[2]

Petitioner asserts that INS's delay in handling the naturalization application filed by his mother on his behalf in 1983 and the naturalization application he filed on his own behalf in 1986 amounts to a due process violation. The district court did not address the merits of this argument, finding the cause of delay irrelevant under the then-current legal precedent. However, subsequent to the district court's ruling, this circuit issued *Brown v. Holder*, 763 F.3d 1141 (9th Cir. 2014), holding that a petitioner may be able to establish a claim to citizenship if he can demonstrate that the "INS acted arbitrarily and intentionally obstructed his Childhood and/or Adult Applications" or was "deliberately indifferent to whether his application[s] [were]

---

[1] This court vacated the BIA's decision on November 9, 2010, and no removal order is currently in effect.

[2] The parties are familiar with all relevant facts. Therefore, we need not set out the facts here.

processed." *See id.* at 1150. Accordingly, we vacate and remand this matter for further consideration of Petitioner's due process claims in light of *Brown*.

This panel retains jurisdiction over any future appeal.

**VACATED and REMANDED.**

Each party to bear its own costs on appeal. The motion to take judicial notice is denied as moot.